UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 15-14010-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JAY FREDRICK NAGEL,

        Defendant.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATIVE REPORT (PSI)

The United States of America, by and through the undersigned Special Assistant United States Attorney, files this response to the defendant's objection to the Presentence Investigative Report prepared in this case.

1. The defendant's Presentence Investigative Report (PSI) was filed on July 2, 2015. (DE 37) The defendant timely filed an objection to the PSI on July 17, 2015. (DE 39) In his objection, the defendant disagrees with the recommendation of the U.S. Probation Officer that counts I and II of the indictment constitute separate sentencing units for purposes of calculating the defendant's advisory guidelines sentence. The defendant argues that counts I and II should be grouped together into one sentencing unit because both counts involve the same victim. If counts I and II were grouped together, the defendant's advisory sentencing range would fall to level 38 (262-327 months). The PSI recommends that counts I and II constitute separate sentencing units, which places the defendant in level 39 (292-365 months).

2. Section 3D1.2 of the Guidelines provides that "all counts involving substantially the same harm shall be grouped together into a single Group." Sub-sections (a) through (d) of §3D1.2 delineate when multiple counts involve substantially the same harm. In addition to the Guidelines themselves, the Supreme Court has held that the commentary in the guidelines manual "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993).

3. Application note 5 in the Commentary to §3D1.2 gives an example of a defendant convicted of raping the same victim on two separate dates as counts that "<u>are not</u> to be grouped together." U.S.S.G. §3D1.2, n. 5 (emphasis in original). The Seventh Circuit has interpreted this application note to preclude the grouping together of three violations of 18 U.S.C. §2423(b) for traveling in interstate commerce with the intent to engage in sexual conduct with the same minor. *United States v. Von Loh*, 417 F.3d 710 (7th Cir. 2005). Other Circuit Courts have reached the same result in similar cases. *See, e.g., United States v. Big Medicine*, 73 F.3d 739, 741 (10th Cir. 1995) (declining to group together 75 counts of non-forcible sexual misconduct on the same victim); *United States v. Vasquez*, 389 F.3d 65, 76-77 (2d Cir. 2004) (declining to group together multiple counts of sexual misconduct on the same victim occurring on different dates); *United States v. Griswold*, 57 F.3d 291, 296 (3d Cir. 1995) (noting that the Guidelines provide that multiple counts of rape against the same victim should not be grouped together); *United States v. Wise*, 447 F.3d 440 (5th Cir. 2006) (declining to group together multiple counts of producing child pornography involving the same victim on different dates).

4. Although the Eleventh Circuit has apparently not directly addressed the sentencing issue raised by the defendant, in *United States v. Sarras*, 575 F.3d 1191 (11th Cir. 2009), the Court did not disturb the district court's decision to count as four separate sentencing units three counts of enticing a child to engage in sexual conduct in violation of 18 U.S.C. §2251(a), (e), and one count of possessing child pornography in violation of 18 U.S.C. §2252A. The PSI did not group the offenses together because the criminal acts against the singular victim occurred on different dates and "involved multiple, separate instances of fear and risk of harm." *Id.* at 1206-1207. The district court rejected the defendant's argument that counts I-III should have been grouped together. *Id.* at 1209. Sarras appealed his sentence, and the Court reviewed, *inter alia,* whether the district court miscalculated the advisory guidelines range. *Id.* at 1219. Although the Court affirmed the defendant's sentence, it did not discuss in its opinion its reasoning for its *sub silentio* determination that the district court did not err in calculating the defendant's advisory guidelines sentence.

5. The commentary to the Guidelines and the persuasive reasoning of the Second, Third, Fifth, Seventh, and Tenth Circuits support the Presentence Investigative Report's recommendation that counts I and II of the indictment be counted as separate sentencing units for the purposes of determining the defendant's advisory sentencing range. Although the defendant victimized the same 13 year old girl in counts I and II, his conduct occurred during different time periods, involved separate acts of sexual misconduct, and presented separate risks of harm to her. Grouping

counts I and II together would be inconsistent with the intent and objectives of the Sentencing Guidelines.

        Respectfully submitted,

        WILFREDO A. FERRER
        UNITED STATES ATTORNEY

        By:
        s/Ryan L. Butler
        Ryan L. Butler (S.D. Bar #A5501914)
        Special Assistant United States Attorney
        101 S. U.S. Hwy 1, Suite 3100
        Fort Pierce, Florida 34950
        TEL: 772-466-0899
        FAX: 772-466-1020
        Attorney for Plaintiff U.S.A.
        Email: rbutler@sao19.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        s/Ryan L. Butler
        Ryan L. Butler
        Special Assistant United States Attorney

**SERVICE LIST**

Ryan L. Butler
Special Assistant
United States Attorney
101 South U.S. Highway 1, Ste. 3100
Fort Pierce, Florida 34950
Telephone: (772) 466-0988
Facsimile: (772) 466-1020
rbutler@sao19.org
Attorney for the United States
Method of Service:   CM/ECF

Panayotta Augustin-Birch
Assistant Federal Public Defender
109 North Second Street
Fort Pierce, FL 34950
Telephone: (772) 489-2123
Facsimile: (772) 489-3997
panayotta_augustin-birch@fd.org
Attorney for Defendant
Method of Service: CM/ECF

Diana Acosta
Assistant United States Attorney
101 South U.S. Highway 1, Ste. 3100
Fort Pierce, FL 34950
Telephone: (772) 466-0988
Facsimile: (772) 466-1020
Diana.acosta@usdoj.gov
Attorney for the United States
Method of Service:   CM/ECF

Edward Cooley
United States Probation Officer
United States Probation Office
101 South U.S. Highway 1, Ste. 3100
Fort Pierce, FL 34950
Telephone: (772) 467-2360
Facsimile: (772) 467-2379
Edward_Cooley@flsp.uscourts.gov
Method of Service: CM/ECF