UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-14010-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

JAY FREDERICK NAGEL,

    Defendant.
_____/

**REQUEST FOR DOWNWARD VARIANCE**

COMES NOW the defendant, Jay Frederick Nagel by and through his undersigned counsel, hereby requests a downward variance below the guideline range as calculated in the presentence investigation report (PSI).

Mr. Nagel was charged by indictment for three counts of persuading, inducing, enticing, or coercing a minor to engage in illegal sexual activity, pursuant to 18 U.S.C. § 2422(b). (DE1). He entered a plea of guilty to all three counts pursuant to a plea agreement before Magistrate Judge Lynch on April 30, 2015. (DE29, 32). The Probation Department calculated Mr. Nagel's advisory guideline range at 292-365 months imprisonment. (PSI ¶ 103).

In the Sentencing Reform Act of 1984, Congress gave specific direction to the sentencing judges, as well as the Sentencing Commission. This central directive instructs district courts to impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing. *Kimbrough v. United States*, 128

S.Ct. 558, 570 (2007). In *United States v. Booker*, the Supreme Court excised portions of the SRA that had previously limited the courts' ability to sentence outside the guideline range except in extraordinary circumstances, and reiterated that 18 U.S.C. § 3553(a) provides the remaining criteria for determining the sentence. 543 U.S. 220, 259 (2005).

There is no presumption that the guideline range is the reasonable and appropriate sentence. Under the terms of the statute, judges must consider the guidelines, but there can be no thumb on the scales for the guidelines. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 602 (2007); Kimbrough, 128 S.Ct. at 564, 570. The sentencing judge may "hear arguments by prosecution and defense that the Guidelines should not apply [.]" Rita, 127 S.Ct. at 2465. Those arguments may be that the case falls outside the "heartland" and thus warrants a departure or that the guideline range " fails properly to reflect § 3553(a) considerations," or simply that "the case warrants a different sentence regardless." Rita v. United States, 551 U.S. 338, 127 S.Ct.2456, 2465 (2007)( emphasis added). The sentencing judge may not apply "a legal presumption that the Guidelines sentence should apply," id., and "may not presume . . . that the Guideline range is reasonable," Gall. 128 S.Ct. at 596-97.

To clear up any lingering doubt, the Supreme Court in *Nelson v. United States*, 555 U.S. 350, 129 S.C. 890 (2009), stated:

> Our cases do not allow a sentencing court to presume that a sentence within the applicable Guideline range is reasonable. In Rita we said as much, in fairly explicit terms: 'We repeat the... [T]he sentencing court does not

> enjoy the benefit of a legal presumption that the Guidelines sentence should apply . . . ' and in Gall we reiterated that the district judges in considering how the various statutory sentencing factors apply to an individual defendant 'may not presume that the Guidelines range is reasonable' . . . The Guidelines are not only not mandatory on the sentencing court; they are also not to be presumed reasonable."

(Emphasis Added).

This Court must fashion a reasonable sentence keeping the following statutory goals in mind: (a) the sentence must take into consideration in nature and circumstances of the offense and the history and characteristics of the defendant; (b) the sentence must reflect the seriousness of the offense; promote respect for the law; and provide just punishment; (c) the sentence must afford both general and specific deterrence; (d) the sentence must provide the defendant with needed correctional treatment in the most effective manner; and (e) the Court must consider the kinds of sentences available in the sentencing range of the type of offense committed by the defendant.

Looking first at the nature and circumstances of the offense, Mr. Nagel used Facebook to have conversations with C.R. and A.L. and eventually encouraged convinced them to engage in sexual intercourse with them. C.R. and A.L. were under the age of 18. In addition, Mr. Nagel sent nude picture of himself to C.R. On August 15, 2014, law enforcement spoke with Mr. Nagel at his residence. Initially, he denied having sex with the minors, but later admitted to engaging in sexual intercourse with the minors and acknowledged the wrongfulness of his behavior. Based upon the investigation, law enforcement obtained arrest warrants on August

21, 2014 and arrested him. Mr. Nagel has entered a guilty plea and expressed remorse for his behavior.

The **history and characteristics of the defendant** shows that Jay Nagel is 26 years old. He is single with one 3 year old son. Mr. Nagel has a good relationship with all the members of his family and continues to receive the love and support from them. He was raised by both of his parents until they separated when he was 17 years old. (PSI ¶ 78). Mr. Nagel graduated high school and attended some college. (PSI ¶¶ 85-86). Since, Defendant has graduated from high school, he has maintained stable employment. (PSI ¶ 88-94).

Regarding Mr. Nagel's mental history, a confidential forensic psychological evaluation was completed by Dr. Michael Brannon. (Evaluation will be provided separately). The relevant historical information shows he observed domestic violence between his mother and father. (Dr. Brannon's Report, Page 1). He reported a family history of mental illness from his mother and a history of drug and alcohol abuse from his mother, father, and brother. (Dr. Brannon's Report, Page 1). He reported the occurrence of mutual domestic violence and emotional turmoil during the relationship with the mother of his child. (Dr. Brannon's Report, Page 1). He has not received psychiatric or psychological treatment services. (Dr. Brannon's Report, Page 2). However, he previously experienced vague ideations of self-harm during the termination of a relationship. (Dr. Brannon's Report, Page 2). On the other hand, Mr. Nagel has experienced several "black outs" due to alcohol abuse. (Dr. Brannon's Report, Page 2). In addition, during the examination, Mr.

4

Nagel participated in psychological testing and Clinical Scales were determined to be valid and interpretable. (Dr. Brannon's Report, Page 3). The Beck Depression Inventory revealed that Mr. Nagel falls within the severe range of depressive symptomology. (Dr. Brannon's Report, Page 3). Further, the testing showed that individuals with similar manner report sadness, lethargy, and pessimism. (Dr. Brannon Report, Page 3). In conclusion, Dr. Brannon diagnosed Mr. Nagel with persistent depressive disorder and adjustment disorder with anxious mood. (Dr. Brannon's Report, Page 4). Therefore, Mr. Nagel would be an appropriate candidate for psychological counseling and substance rehabilitation.

Any sentence this Court imposes must reflect the seriousness of the offense; promote respect for the law; provide just punishment and afford both specific and general deterrence. Mr. Nagel's advisory guideline range is 292 - 365 months. There is a mandatory minimum penalty of ten (10) years, and a statutory maximum penalty of life imprisonment. By setting these minimum and maximum penalties, Congress has determined that there will be cases where the offense conduct is so serious as to warrant a life imprisonment sentence. Conversely, Congress concluded that there will be cases that while serious, warrant a sentence as low as ten (10) years in prison.

Each case is unique and stands alone. Mr. Nagel has completed high school, some college and enlisted in both the Army and Navy. He has had few contacts with the criminal justice system which leads him to criminal history category II. Unfortunately, for reasons which will probably never fully be understood, he started

having conversations with teenagers over the internet using someone else's name, and committed enticing minors to engage in sexual activity. He did not belong to an Internet group which promotes the victimization of children. Yet, his advisory guideline range is extremely high. However, with his minimal criminal history, his ready admission of guilt, and his cooperation with law enforcement strongly support the proposition that with the proper help he should be able to return to society and live a productive and law abiding life.

Given the parsimony clause of § 3553(a), the goals of general and specific deterrence can be achieved by a term of imprisonment shorter than called for by the guidelines. Such a harsh sentence should be saved for only the worst offenders.

Finally, in looking to answer the question of what the just punishment is in this case § 3553(a) instructs this Court to look at the kind of sentences available, the sentencing range available for the type of sentence committed, and the need to provide the defendant with correctional treatment in the most effective manner. As has been previously discussed, this Court's range of options is limited only by the ten (10) year mandatory minimum and the life imprisonment ceiling set by Congress. As to the sentencing guideline range available, it is clear that the particular guideline, § 2G1.3 does not reflect reasoned and sound judgment, and should not be considered a reasonable and appropriate sentencing option in this case.

As noted above, district courts have imposed sentences far below the guidelines range for offenses involving similar type of conduct. For example, in the

case of *United States v. Joseph Kohler*, Case No. 10-14077-Cr-Martinez, defendant pled guilty to using the internet to entice a minor to engage in sexual activity and distribution of child pornography. The advisory guideline range was life. Judge Martinez granted a downward variance and imposed a sentence of twenty years. In *United States v. Joshua Bagala*, Case No.13-14030-GRAHAM, even though Defendant was only charged with receipt and transportation of child pornography, the relevant conduct involved distribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct. Also, similarly, the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. The guideline range was 480 months and Judge Graham imposed a sentence of 120 months.

By setting these minimum and maximum penalties for violations of 18 U.S.C. § 2422(b), Congress has determined that there will be cases that while serious, the offense conduct will warrant a sentence as low as ten (10) years in prison. However, given the almost universal and automatic application of enhancements under U.S.S.G. §2G1.3, it is virtually impossible to have a sentencing guideline range under ten years. In particular, Mr. Nagel received excessive enhancements: two levels because he used another identity to persuade minor to engage in sexual activity, two levels for the use of a computer, two levels for the commission of sex act or sexual contact, 3 levels because the counts (3) did not group even though two of counts involved the same victim, and five levels for engaging in a pattern of activity. The total increase of 14 levels in addition to the starting base offense level

of 28 causes a range increase of 292-365 month (adjusted level of 39 including 3 level decrease for acceptance).

Accordingly, there have been many instances where federal courts have imposed sentences significantly lower than the advisory guideline range and a sentence below the advisory guideline range is warranted here.

WHEREFORE, the defendant requests that the Court impose a downward variance from the sentencing guideline range.

        Respectfully submitted,

        MICHAEL CARUSO
        FEDERAL PUBLIC DEFENDER

        *s/ Panayotta Augustin-Birch*
        Panayotta Augustin-Birch
        Assistant Federal Public Defender
        Florida Bar No. 359970
        109 North Second Street
        Fort Pierce, Florida 34950
        Tel: 772-489-2123
        Fax: 772-489-3997
        E-Mail: panayotta_augustin-birch@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on August 17, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        By:   *s/ Panayotta Augustin-Birch*
                Panayotta Augustin-Birch

## SERVICE LIST

**UNITED STATES OF AMERICA v. JAY FREDERICK NAGEL**
Case No. 15-14010-CR-MARTINEZ/LYNCH
United States District Court, Southern District of Florida

**Panayotta Augustin-Birch**
**Assistant Federal Public Defender**
109 North Second Street
Fort Pierce, FL 34950
Tel: 772-489-2123
Fax: 772-489-3997
Email: panayotta_augustin-birch@fd.org
Notices of Electronic Filing

**Ryan Butler**
**Special Assistant United States Attorney**
United States Attorney's Office
101 South U.S. Hwy 1, Suite 3100
Fort Pierce, Florida 34950
Tel: 772-462-1300
Email: rbutler@sao19.org
Notices of Electronic Filing

**Diana Margarita Acosta**
**Assistant United States Attorney**
United States Attorney's Office
101 South U.S. Hwy 1, Suite 3100
Fort Pierce, Florida 34950
Tel: 772-293-0981
Fax: 772466-1020
Email: diana.acosta@usdoj.gov
Notices of Electronic Filing

**Edward Cooley**
**United States Probation Officer**
United States Probation Office
101 South U.S. Hwy 1, Suite 3100
Fort Pierce, Florida 34950
Tel: 772-467-2360
Fax: 772-467-2379