### UNITED STATES COURT OF APPEALS
### FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**FILED BY** _ABM_
Deputy Clerk

**Sep 30, 2016**

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. **MIA**

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 30, 2016

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  15-14087-EE
Case Style: USA v. Jay Nagel
District Court Docket No: 2:15-cr-14010-JEM-1

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to:  Lois Tunstall
Phone #:  (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit
_____

No. 15-14087
_____

District Court Docket No.
2:15-cr-14010-JEM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAY FREDRICK NAGEL,

Defendant - Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: September 01, 2016
For the Court: DAVID J. SMITH, Clerk of Court
By: Djuanna Clark

ISSUED AS MANDATE 09/30/2016

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 15-14087
Non-Argument Calendar

————————————————

D.C. Docket No. 2:15-cr-14010-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAY FREDRICK NAGEL,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(September 1, 2016)

Before WILSON, JORDAN, and JULIE CARNES, Circuit Judges.

WILSON, Circuit Judge:

Jay Frederick Nagel appeals his 292-month sentence, imposed after he pleaded guilty to three counts of enticement of a minor to engage in sexual activity under 18 U.S.C. § 2422(b).  On appeal, Nagel challenges the procedural and substantive reasonableness of his sentence.  However, after review of the record and consideration of the parties' briefs, we determine that Nagel's sentence is both procedurally and substantively sound.  First, the district court's decision not to group Count One and Count Two of Nagel's convictions was in accordance with § 3D1.2 of the United States Sentencing Guidelines (the Guidelines) because the conduct underlying each count caused a separate and distinct harm to the victim.  Next, the court gave an adequate explanation for the within-guideline sentence it imposed.  Finally, the court acted within its discretion by selecting a substantively reasonable sentence; it did not, as Nagel argues, impose a sentence greater than necessary to comply with the statutory goals of sentencing.  Accordingly, we affirm the district court.

## I.  BACKGROUND

A federal grand jury charged Nagel with three counts of using the internet to persuade, induce, entice or coerce a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b).  He was charged on Count One for his interactions with C.R., a minor female, between December 1, 2013 and April 23, 2014.  This conduct included using an alias to talk to C.R. for several weeks via

2

Facebook, engaging in sexually explicit conversations and exchanging explicit photographs, as well as convincing C.R. to meet him to engage in oral and vaginal sex at the store where he was employed on at least one occasion.  He was charged on Count Two for his interactions with C.R. between April 27, 2014 and July 29, 2014, which culminated in oral and vaginal sex with C.R. at his residence.  He was charged on Count Three for his interactions with A.L., a different minor female, between April 15, 2014 and August 15, 2014, during which time he, using an alias, convinced A.L. to exchange sexually explicit pictures and engage in oral sex.  Nagel entered into a written plea agreement, in which he agreed to plead guilty to all counts of the indictment.

The probation office prepared a presentence investigative report (PSI), which treated each of the three counts as its own separate and distinct group.  For Group One, which consisted of his conviction on Count One, Nagel received an offense level of 34.  Nagel was also assigned an offense level of 34 for both Group Two, which consisted of the conviction on Count Two, and Group Three, which consisted of the conviction on Count Three.  Ultimately, based on these different offenses and related adjustments, Nagel received a total offense level of 39.  Based on this offense level and Nagel's criminal history category of II, the guideline imprisonment range was 292 to 365 months.  For each of the three counts, there was a 10-year statutory minimum sentence and a statutory maximum life sentence.

3

Nagel objected to the PSI, arguing that Counts One and Two should be grouped together because they involved the same victim.  He asserted that, if they were grouped together, the total offense level would be 38 and the guideline imprisonment range would be 262 to 327 months.  He renewed this objection at sentencing and raised several arguments in favor of a lower sentence, including that the court should consider the need to avoid unwarranted sentencing disparities among defendants with similar conduct.  The court received evidence such as Nagel's psychological evaluation and heard testimony from Nagel's friend, mother, father, and Nagel himself regarding Nagel's character.  It also considered testimony presented by the government from Detective Jeremy Sheppard, who worked on Nagel's case.  After hearing argument from both sides, the court overruled Nagel's objections and accepted the sentencing calculations in the PSI. It imposed a sentence of 292 months' imprisonment as to each count, to be served concurrently.  This appeal ensued.

## II. DISCUSSION

Nagel challenges the sentence imposed by the district court, alleging the district court erred by (1) refusing to group Counts One and Two of Nagel's convictions; (2) failing to sufficiently explain the sentence it selected; and (3) exceeding the statutory goals of sentencing by imposing a sentence greater than necessary to comply with those goals.  We address each argument in turn.

## A.

We turn first to Nagel's argument that the sentence imposed was procedurally unreasonable because the court did not group Count One and Count Two, which involved the same victim.  Nagel acknowledges that, according to commentary in the Guidelines, convictions for raping the same person on different days are not to be grouped together.  However, he contends that this non-grouping provision does not apply to cases in which the defendant merely enticed a minor individual to have consensual sex on more than one occasion.  He argues that his conduct is distinguishable from the rape governed by the commentary because he did not force anyone to have sexual relations, pointing out that the Eleventh Circuit has not yet addressed whether this provision applies to non-forcible sexual misconduct.

We review the district court's decisions regarding grouping de novo, but review its findings of fact only for clear error.  *United States v. McClendon*, 195 F.3d 598, 600 (11th Cir. 1999) (per curiam).  We have not yet addressed in a published opinion whether separate counts arising from distinct instances of non-forcible sexual conduct with the same minor victim must be grouped for sentencing purposes.  However, we find it was proper for the district court to treat Nagel's two counts of enticement of a minor—which involved sexual misconduct that occurred on different days—as not subject to grouping.

District courts are instructed "to group closely related convictions according to the rules in § 3D1.2." *United States. v. Marseille*, 377 F.3d 1249, 1254 (11th Cir. 2004). Section 3D1.2 provides that, in general, "counts involving substantially the same harm shall be grouped together into a single [g]roup." U.S.S.G. § 3D1.2. Counts involve substantially the same harm when, among other things: (1) they "involve the same victim and the same act or transaction," or (2) they "involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." § 3D1.2(a), (b). This plain language in addition to the guidance provided in the accompanying commentary makes clear that counts based on harm to the same victim will not be grouped if the offenses occurred on different occasions and involved "multiple, separate instances of fear and risk of harm." *See* § 3D1.2(b) cmt. n.4.[1] In addition, according to example 5 of Application Note 4 in the commentary, counts are <u>not</u> grouped together if a "defendant is convicted of . . . raping the same person on different days." § 3D1.2 cmt. n.4, ex. 5. These various provisions are dispositive.

Nagel was convicted of sexual misconduct with C.R. on different occasions. He used Facebook to entice C.R. to have sexual relations with him during two distinct periods of time, each of which resulted in a separate instance of oral sex

---

[1] The commentary to the Guidelines is authoritative. *See* U.S.S.G. § 1B1.7; *see also Stinson v. United States*, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915 (1993).

and sexual intercourse, several weeks apart.  Specifically, Count One charged Nagel with enticing minor victim C.R. to engage in sexual activity between December 2013 and April 2014, which culminated with Nagel having oral and vaginal intercourse with C.R. on April 22, 2014, at the store where Nagel worked. Count Two charged Nagel with enticing C.R. to engage in sexual activity between April 27, 2014 and July 29, 2014, which ended with Nagel having oral and vaginal intercourse with C.R. sometime in July 2014 at his residence.

Each one of these sexual encounters with C.R.—who was unable to consent due to her age—caused a separate harm, even though they occurred with the same victim.  *See United States v. Bonner*, 85 F.3d 522, 524–25 (11th Cir. 1996) ("[M]ultiple, separate instances of fear and risk of harm, not one composite harm, occur when the defendant robs or rapes the same victim on different occasions."); *see also United States v. Bivens*, 811 F.3d 840, 843 (6th Cir. 2016) (noting that, in the context of "sex crimes committed by the same defendant against the same victim over an extended period of time," "each act usually amounts to a fresh harm the victim must face anew").  Thus, they are not subject to grouping under § 3D1.2(a).  And the counts were not part of a single course of conduct with a single criminal objective, *see* § 3D1.2(b); instead, Nagel had two separate objectives, to have sexual relations with C.R. two separate times.

Moreover, Nagel's emphasis on the consensual nature of the relationship is unpersuasive. Nothing precludes the non-grouping language in § 3D1.2 and its accompanying commentary from applying to non-violent sexual offenses. As the Second Circuit has held, "use of force is not a requirement for placing the same crimes against the same person in separate groups. Crimes do not necessarily 'involve substantially the same harm,' which is the test for grouping under [§] 3D1.2, just because force is not used." *See United States v. Vasquez*, 389 F.3d 65, 77 (2d Cir. 2004); *see also United States v. Wise*, 447 F.3d 440, 445–47 (5th Cir. 2006) (per curiam) (refusing to group counts for sexually explicit photographs of a minor taken on different days); *United States v. Kiel*, 454 F.3d 819, 822 (8th Cir. 2006); *United States v. Big Medicine*, 73 F.3d 994, 997 (10th Cir.1995). Further, example 5 of Application Note 4 broadly refers to "rap[e]," a comprehensive term which can encompass non-violent sexual offenses. Given the cross-references in the provisions to different forms of rape, it is likely that "the Sentencing Commission's use of more inclusive terminology in Example 5 was intentional," selected in order "to cover various forms of the crime." *See United States v. Von Loh*, 417 F.3d 710, 712–14 (7th Cir. 2005) (finding that the exclusion under § 3D1.2 is not limited in coverage to forcible rape, but applies to statutory rape as well).

Accordingly, in line with the plain language of the Guidelines and accompanying commentary, we find it was not erroneous for the district court to decline to group Nagel's two counts of enticement of a minor under § 3D1.2.  Even though the counts involved the same minor victim and no force, the sexual misconduct occurred on different days and involved separate instances of harm to the victim.

## B.

Nagel also argues that his sentence is procedurally unreasonable because the court did not give sufficient reasons to justify the 292-month sentence.  He alleges that the court failed to state its reasons for imposing his sentence as required by 18 U.S.C. § 3553(c).  He further asserts that the court's explanation was particularly inadequate when considering the factors in favor of a downward variance, which include his age, his criminal history, and the fact that the guideline sentence was heavily enhanced because of the nature of his crime.  He also contends that several circuits have held that a summary statement like the one given by the court is not sufficient for appellate review.

A sentence can be procedurally unreasonable if the district court errs by, *inter alia*, "failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range."  *Gall v.*

*United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  Considering the

requirements for procedural reasonableness, the Supreme Court has instructed:

> The sentencing judge should set forth enough to satisfy
> the appellate court that he has considered the parties'
> arguments and has a reasoned basis for exercising his
> own legal decision making authority.  Nonetheless, when
> a judge decides simply to apply the Guidelines to a
> particular case, doing so will not necessarily require
> lengthy explanation.

*Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007) (citation

omitted).

Here, the district court met these requirements.  Before imposing the

sentence, the court stated that it took into account the PSI, Nagel's psychological

evaluation, Nagel's objection to the PSI, Nagel's request for a downward variance,

the letters filed on Nagel's behalf, the testimony presented at sentencing, the

statements of the parties, and the statutory factors set out in § 3553, indicating that

it gave adequate consideration to the parties' arguments.  *See id.* at 356, 127 S. Ct.

at 2468; *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) ("In general,

the district court is not required to state on the record that it has explicitly

considered each of the § 3553(a) factors or to discuss each of the § 3553(a)

factors." (internal quotation marks omitted)).

And, after stating that it "had no doubt" that it could consider all of the §

3553(a) factors, the district court emphasized the severity of Nagle's crimes,

referring to them as "one of the most serious ones you can possibly have." Even though the court did not repeat Nagel's arguments, it is clear from the record that the court had a reasoned basis for imposing the sentence, as it found that other countervailing factors, specifically the need to "provide sufficient punishment and deterrence," outweighed Nagel's concerns. While Nagel relies on opinions from other circuits to argue that more of an explanation was required, the district court's explanation sufficiently complies with precedents from the Supreme Court and this circuit. *See Rita*, 551 U.S. at 356, 127 S. Ct. at 2468; *Sanchez*, 586 F.3d at 936. That is to say, the record supports that the district court "consider[ed] the defendant's arguments at sentencing and state[d] that it [took] the § 3553(a) factors into account." *See Sanchez*, 586 F.3d at 936. Therefore, we find that the district court's explanation of the sentence it imposed was sufficient.

## C.

Nagel finally argues that his 292-month sentence is substantively unreasonable because it is beyond what was necessary to fulfill the statutory goals of sentencing. Nagel also contends that his sentence violates the congressional policy of proportionality behind the Guidelines because it is more severe than the sentences received by many defendants who committed far more egregious acts.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th

Cir. 2010) (en banc).  The district court must impose a sentence "sufficient, but not

greater than necessary to comply with the purposes" listed in §3553(a)(2), such as

the need to reflect the seriousness of the offense, promote respect for the law,

provide just punishment for the offense, deter criminal conduct and protect the

public from the defendant's future criminal conduct.  *See* 18 U.S.C. §3553(a)(2).

We will only vacate a sentence if we are convinced the sentence is outside the

reasonable range of sentences for a given case.  *See Irey*, 612 F.3d at 1189–90;

*United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

In light of the record and the § 3553 factors, Nagel's sentence is

substantively reasonable.  At the sentencing hearing, the district court noted that

the nature of Nagel's crimes was extremely severe and specifically stated that it

selected a sentence it believed would "provide sufficient punishment and

deterrence."  The seriousness of the offense, the provision of just punishment, and

the need for deterrence are all § 3553(a) factors that support a sentence within the

guideline range.  Nagel's argument—that his sentence was unreasonable because

other defendants who have committed crimes more heinous than his own have

received lighter sentences—lacks merit because, even if we would have

determined a different sentence to be more appropriate, the district court's imposed

sentence was within the reasonable range of sentences warranted by the facts.  *See*

*Irey*, 612 F.3d at 1190.  The district court was entitled to give more weight to the

harmful nature of Nagel's offense and the need to deter such behavior than to the factors Nagel presented, such as his age, immaturity, and the fact that different defendants had received lower sentences. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (the weight given to any § 3553(a) factor is "committed to the sound discretion of the district court" (internal quotation mark omitted)).

Additionally, the reasonableness of the sentence is supported by its position at the lowest end of the applicable guideline range. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (commenting that the imposition of a sentence within the advisory guidelines range is ordinarily expected to be reasonable). The sentence is also significantly less than the applicable statutory maximum of life in prison, which points strongly to reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (noting that the reasonableness of a sentence may be indicated where the sentence imposed is well below the statutory maximum sentence). Given these factors and the deference afforded district court decisions under abuse of discretion review, we find no error as to the substantive reasonableness of Nagel's sentence.

## III.  CONCLUSION

Having considered the record on appeal and the parties' arguments contained in the briefs, we find no reversible error.  Therefore, the district court is hereby

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 01, 2016

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 15-14087-EE
Case Style: USA v. Jay Nagel
District Court Docket No: 2:15-cr-14010-JEM-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Sandra Brasselmon, EE at (404) 335-6181.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion